# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GREGORY G. WHITE,

        Petitioner,    :    Case No. 3:15-cv-092

  - vs -                            District Judge Thomas M. Rose
                                     Magistrate Judge Michael R. Merz

RHONDA RICHARDS, Warden,
 Madison Correctional Institution,

                                    :
        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Gregory White under 28 U.S.C. § 2254. White pleads three grounds for relief:

> **Ground One:** Due Process violation in violation of 14th Amendment.
>
> **Supporting Facts:** Even though Petitioner served current ten (10) year sentence in full in case number 04-CR-574 which ended June 30, 2014, Respondent continues to maintain custody of Petitioner presumably for parole violation though no final parole revocation hearing has been ordered or held.
>
> **Ground Two:** Denial of due process – speedy trial rights.
>
> **Supporting Facts:** Respondent assessed Petitioner a three (3) year continuance on June 6, 2014 presumably for a parole violation which in effect was a delayed final revocation hearing which occurred more than nine (9) years after parole violator warrant was executed in violation of *Morrissey v. Brewer; Black Romano; Pollard v. United States,* 352 U.S. 354 (1957); *Barker v. Wingo,* (1972), 407 U.S. 514 and Ohio Revised Code 2967.15(B).

1

> **Ground Three**: Denial of Due Process and Equal Protection under 14th Amendment where Respondent violated separation of Powers Doctrine.
>
> **Supporting Facts:** Although by operation of State law (O.R.C. 2929.41(A)) Petitioner's old and new sentences were to be served concurrently with each other, Respondent re-opened trial court's judgment by causing multiple sentences to be served consecutively with each other without legal authority to do so.

(Petition, Doc. No. 1.)

**Procedural History**

The Return of Writ recites the history of White's convictions and sentences, a history he does not dispute in the Traverse. In 1969 White was convicted of armed robbery and sentenced to an indefinite term of ten to twenty-five years, from which he was paroled on May 4, 1979 (Return, Doc. No. 10, PageID 238).[1] In 1979, he was convicted again of aggravated robbery[2] and sentenced to an indefinite term of seven to twenty-five years consecutive to the 1969 sentence. He served ten years before being released on parole from this term of imprisonment in 1989. Undeterred by nearly twenty years of imprisonment, White committed a new aggravated robbery in 1989 and was sentenced to fifteen to twenty-five years (along with three years on a firearm specification and eighteen months for having weapons under disability), again consecutive to his prior sentences. He was paroled December 1, 2003. *Id.*

---

[1] When any document is filed with this Court, the Court's electronic filing system affixes a unique Page Identification Number in the upper right hand corner of every page. The attention of the parties is directed to this Magistrate Judge's Standing Order of May 8, 2014, which provides in pertinent part "All references to the record in this Court must be to the filed document by title, docket number, and PageID reference. (E.g., Defendant's Motion to Dismiss, Doc. No. 27, PageID ___.)" The large majority of cases before this Magistrate Judge are habeas corpus cases with large state court records and correct citation to the record is critical to judicial economy. Therefore, nonconforming filings will be stricken.

[2] In 1974 the Ohio criminal law was re-codified and "armed robbery" became "aggravated robbery."

In December 2004 White pled guilty to another charge of aggravated robbery and a charge of robbery for which he received an agreed sentence of ten years consecutive to the prior sentences. That ten-year term expired July 16, 2014. *Id.*

The Warden pleads that the cause of White's present imprisonment is the revocation of his parole in 2005. *Id.* at PageID 239. The Warden concedes that White would have been entitled to a mitigation hearing in 2005 under the consent decree in *Kellogg v. Shoemaker*, 927 F. Supp. 244 (S.D. Ohio 1996), but White waived the hearing.

In 2007 White sought relief in this Court from the 2004 conviction. *White v. Brunsman,* Case No. 3:07-cv-26. This Court ultimately denied relief and White did not appeal. *White v. Brunsman*, 2010 U.S. Dist. LEXIS 114102 (S.D. Ohio Oct. 27, 2010).

Regarding his continued incarceration after expiration of his 2004 sentence, White filed a mandamus action in the Ohio Court of Appeals November 16, 2010, and a state habeas petition in the Court of Appeals on January 11, 2013, both unsuccessful on procedural grounds.

On May 27, 2014, shortly before expiration of his 2004 sentence, White received a parole hearing after which the Parole Board continued his incarceration for at least an additional three years and set a next review date for May 1, 2017. Contending that the May 2014 hearing was in fact a final parole revocation hearing, White unsuccessfully sought habeas corpus relief from the Ohio Supreme Court.

It is the May 27, 2014, Parole Board decision that White attacks in this case.

# Analysis

**Second or Successive Petition**

The Warden argues that this is a second or successive habeas corpus petition by White on which this Court cannot act, but which it must transfer to the Sixth Circuit for consideration of certification under 28 U.S.C. § 2244(b).

District courts do not have jurisdiction to consider second or successive habeas petitions on their merits. *Burton v. Stewart*, 549 U.S. 147 (2007). On the other hand, the district court must decide in the first instance whether a petition is second or successive and cannot pass that decision to the court of appeals. *In re: Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012); *In re: Kenneth W. Smith*, 690 F.3d 809 (6th Cir. 2012).

White's prior habeas case was decided on the merits as the Warden asserts. However, White correctly rejoins that the prior case concerned his 2004 conviction and this case does not. Under those circumstances, this Court's consideration is not barred by § 2244(b). *Magwood v. Patterson*, 561 U.S. 320 (2010).

**Procedural Default**

The Warden asserts that White's Grounds One and Three are barred by his procedural defaults in presenting them to the Ohio courts.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .

5

> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138; accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

As the Warden notes, both White's mandamus state habeas corpus actions were dismissed for failure to comply with mandatory state procedural rules set forth in statutes at Ohio Revised Code § 2969.25 and 2725.04(D). State courts certainly have an adequate interest in enforcing reasonable procedural rules, particularly when they have been enacted by the legislature. White has not offered any excusing cause and prejudice under *Maupin's* fourth prong, Therefore Grounds One and Three should be dismissed with prejudice as procedurally defaulted.[3]

**Cognizability**

The Warden asserts that Ground Three is not cognizable in federal habeas corpus (Return, Doc. No. 10, PageID 248-49).

---

[3] White reads the Warden's Return as asserting that all three of this claims are barred by procedural default (Traverse, Doc. No, 11, PageID 258). However, the Warden actually raises that defense only as to Grounds One and Three (Return, Doc. No. 10, PageID 254).

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida,* 463 U.S. 939 (1983).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

In his Third Ground for Relief, White asserts that by operation of Ohio Revised Code § 2929.41(A), his old and new sentences are required to be served concurrently.  He claims that when the Parole Board determined the sentences were to be served consecutively, it violated the Separation of Powers Doctrine, in that it is part of the executive branch of Ohio government and questions of consecutive versus concurrent sentencing are require to be made by General Assembly or the courts.

There is no separation of powers doctrine imposed on the States by the United States Constitution.  White seems to concede that this is a question of Ohio law because he asserts this Court can consider it under the pendent jurisdiction doctrine of *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).[4]  Repeated holdings by the Supreme Court that habeas courts cannot grant relief for errors of state law negates application of supplemental jurisdiction in these cases.

White's Third Ground for Relief, whether considered as a claim for interpretation of Ohio Revised Code § 2929.41(A) or a separation of powers claim under the Ohio Constitution or a claim that the federal constitution requires separation of powers within the States is not cognizable in habeas corpus and should therefore be dismissed.

---

[4] White cites this case as *Gibbs v. United Auto Workers*, thus awarding one of George Meany's great victories to Walter Reuther.  Pendent jurisdiction is now codified as supplemental jurisdiction in 28 U.S.C. § 1367.

**Merits Analysis**

**Ground One:  Failure to Hold a Final Parole Revocation Hearing**

In his First Ground for Relief, White asserts he was denied a final parole revocation hearing to which he was constitutionally entitled.  The record filed by Respondent shows that White was screened for his eligibility for a *Kellogg* hearing, found to be eligible, and waived that hearing on April 22, 2015 (State Court Record, Doc. No. 9, Ex. 20, PageID 191).  Prior to that on March 8, 2005 the parole board hearing officer recommended that his parole be revoked. *Id.* at PageID 193.  Because the parole hearing officer had no discretion regarding revocation upon White's conviction for a new felony offense, the record reflects that parole was revoked and White was advised "You will be schedule for a parole release consideration hearing upon completion of your new sentence, unless you have reached your maximum expiration date." *Id.*

That is what happened here.  As White approached the conclusion of his 2004 sentence, the Parole Board held a "release consideration hearing" and determined not to release White on parole at least until after another hearing May 1, 2017.

White argues his "final parole revocation hearing did not become final until the Ohio Adult Parole Authority imposed the three (3) year sanction on May 27, 2014." (Traverse, Doc. No. 11, PageID 259.)  As authority, White relies on *Klopp v. Wolfe*, 8 Fed. Appx. 444 (6th Cir. 2001), but that case supports the Warden's position.  The Sixth Circuit held:

> Under Ohio Admin. Code § 5120:1-1-18(B), a parole revocation becomes final when a hearing officer for the Ohio Adult Parole Authority determines that the defendant violated the conditions of his release and, therefore, the revocation sanction should be imposed. In Klopp's case, it is undisputed that the hearing officer revoked his parole on June 24, 1998. While Klopp argues that a

8

> post-revocation hearing held in November 1998 actually represented the final decision concerning his parole, Klopp provides no evidence concerning this hearing's subject matter, and Ohio law clearly provides that his parole revocation became final at the time of the June 1998 decision.

*Id.* at 446. White was entitled to a hearing under *Kellogg* in 2005, but waived that hearing. White's claim that he was entitled to a final parole revocation hearing in 2014 because no sanction was imposed in 2005 is belied by the *Klopp* decision: the sanction of parole revocation was imposed in 2005.

The 2014 hearing was not a revocation hearing, but a release consideration hearing. There is no liberty interest in parole unless created by mandatory language in the state statute creating the parole system. *Board of Pardons v. Allen,* 482 U.S. 369, 373 (1987); *Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1 (1979). Ohio Revised Code § 2967.03, which vests discretion in the Adult Parole Authority to grant a parole, does not create an expectancy of parole or a constitutional liberty interest sufficient to establish a right to procedural due process. *State, ex rel Adkins, v. Capots,* 46 Ohio St. 3d 187, 188 (1989); *State, ex rel Blake, v Shoemaker,* 4 Ohio St. 3d 42 (1983).

**Ground Two:  Denial of Speedy Revocation Hearing**

The analysis with respect to Ground One is also dispositive as to Ground Two. White's revocation occurred in 2005 after he waived the only hearing to which he was entitled, a mitigation hearing under *Kellogg*. Because the hearing that occurred in May 2014 was not a final revocation n hearing, White's right to a speedy hearing on revocation was not denied.

9

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the court exercise jurisdiction over this case, concluding that such exercise is not barred by 28 U.S.C. § 2244(b). It is further recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 20, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).