IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GREGORY G. WHITE,

              Petitioner,      :      Case No. 3:15-cv-092

    - vs -                               District Judge Thomas M. Rose
                                       Magistrate Judge Michael R. Merz

RHONDA RICHARDS, Warden,
 Madison Correctional Institution,

                                  :

              Respondent.

## REPORT AND RECOMMENDATIONS ON PETITIONER'S MOTION FOR SUMMARY JUDGMENT

This habeas corpus case is before the Court on Petitioner's Motion for Summary Judgment (ECF No. 13).

Petitioner filed his Traverse in this case on July 17, 2015 (ECF No. 11). That made the case ripe for decision and the Magistrate Judge's filed a Report and Recommendations on July 21, 2015, recommending dismissal of the case (ECF No. 12).

Rule 12 of the Rules Governing § 2254 Cases permits (but does not require) application of the Rules of Civil Procedure "to the extent that they are not inconsistent with any statutory provisions or these rules." Use of summary judgment practice in habeas corpus cases is usually inappropriate because there are usually factual issues presented by the pleadings.

In this particular case, Petitioner asserts he is entitled to summary judgment because it is undisputed that his parole was revoked April 22, 2005, but no sanction was imposed until May

1

27, 2014.

For the reasons set forth in the Report and Recommendations, the Magistrate Judge is not persuaded by Petitioner's argument.  In sum, revocation of parole was the sanction imposed on White in April 2005 and the hearing held in May 2014 was to determine if he should be re-paroled.  The Motion for Summary Judgment should be DENIED.

July 22, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

,

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).